Beley, Appellant, *v.* Pennsylvania Mutual Life Insurance Co.

Argued April 22, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and GUNTHER, JJ. (ARNOLD, J., absent).

*Samuel J. Goldstein,* with him *Herbert Jacobson,* for appellant.

*Thomas Lewis Jones,* for appellee.

OPINION BY DITHRICH, J., July 17, 1952:

In this case a policy of insurance, issued on the life of Andrew Beley, provided in part as follows: "In the event that the Insured engages in military or naval service in the time of war, the liability of the Company shall be limited to the return of the premiums paid . . . , unless the Insured shall have previously secured from the Company a permit to engage in such service. . . .

"Risks Not Assumed:—The Company shall not be liable for the additional Accidental Death Benefit specified above if said death shall result by reason of any of the following: . . . (d) Military . . . service in time of war. . . .

"Termination:—These provisions for the additional Accidental Death Benefit shall immediately terminate: . . . (b) if the Insured shall at any time, voluntarily or involuntarily, engage in military . . . service in time of war; . . ."

The facts, stipulated by counsel, are as follows: "On March 4th, 1945 Andrew Beley, by his mother, Julia Beley, made application for a policy of life insurance with the defendant, the Pennsylvania Mutual Life Insurance Company, the said policy when issued to contain an accidental death benefits provision. The face amount of the policy was $1,000.00, with a like sum of $1,000.00 for accidental death. The applicant paid the initial monthly premium of $2.18, which included a premium of $.20 for the accidental death benefits, and the policy was issued May 1st, 1945.

"The insured was recalled into the infantry branch of the United States Army on October 28th, 1950, and was killed in action in Korea on March 7th, 1951. On

April 23rd, 1951 Julia Beley, beneficiary, filed proof of claim with the defendant company in the amount of $2,000.00. The defendant denied liability for the amount of coverage under the principal insuring clause, on the theory that the insured met his death while engaged in military service in time of war. Liability under the accidental death benefits provision was denied on the theory that death resulted from military service in time of war and/or resulted from any work in connection with actual warfare, riot, insurrection, police duties or any act incidental thereto, either on land or water. The defendant offered to return the premium paid in the amount of $152.60."

Plaintiff moved for judgment on the pleadings, but the learned court below entered judgment for the defendant, one judge dissenting in part. Judge Lewis joined the majority in entering judgment for the defendant on the accidental death benefit but dissented from the entry of judgment for the defendant under the principal insuring clause.

This case does not differ in any essential respect from *Harding v. Pennsylvania Mutual Life Ins. Co.,* 171 Pa. Superior Ct. 236, 90 A. 2d 589, the opinion in which was this day filed. The only difference is the manner in which the insured met death. Harding was killed in a train wreck while en route to a military training camp, while Beley was killed on the field of battle in Korea. The same company issued both policies and each contained a clause terminating the insurance in the event the insured engaged in military service in time of war.

In the *Harding* case, the company conceded that the death of the insured was not the result of engaging in military service in time of war and defended solely on the termination or status clause. In the instant case, since the insured was killed in action, the company

defended on both the result and status clauses. But we decided in the *Harding* case, following the decision of the Circuit Court of Appeals, Tenth Circuit, in *New York Life Ins. Co. v. Durham,* 166 F. 2d 874, 875, that "the exempting clause of the insurance contract is a 'status clause' and not a 'result clause', according to which coverage under the policy depends not upon the cause of death, but upon the status of the country when death occurred." And since the nation is not at "war" in Korea, in the technical sense in which the word is used in the policy, or since it is at least susceptible of more than one meaning, one of which permits recovery and the other of which does not, it must be given the construction more favorable to the insured. The same ruling applies to the case at bar.

In the majority opinion of the court below it is stated that "It is a politically declared war, so determined by those in our government clothed with war making powers." With that statement we most emphatically disagree. As we stated in the *Harding* case, it is at most an undeclared war not exempted by the policy and one of which a court cannot take judicial notice.

Judgment reversed and here entered for plaintiff.